1  LUCAS VALLEY LAW
   MARK  K. de LANGIS (SBN 190083)
2  2110 Elderberry Lane
   San Rafael, California  94903
3  Telephone:  (415) 472-3892
   Facsimile:  (415) 472-3977
4  mdelangis@lucasvalleylaw.com

5  Attorneys for Petitioners
   AMERICAN PRESIDENT LINES, LTD. and
6  APL CO. Pte., LTD.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

| In the Matter of the Arbitration between | No.  C 07-06048 JSW |
|---|---|
| AMERICAN PRESIDENT LINES, LTD., a corporation, and APL CO. Pte., LTD., a corporation,<br><br>                    Petitioners,<br><br>             v.<br><br>J.M.C. TRANSPORT CORPORATION, a corporation,<br><br>                    Respondent. | NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[9 U.S.C. section 9]<br><br>Hearing Date:  March 14, 2008<br>Hearing Time:  9:00 a.m.<br>Courtroom:  2, 17th Floor<br><br><br>The Honorable Jeffrey S. White |

14

15

16

17

18

19

20

21

22

23

24

25

26

1  **I.     NOTICE OF MOTION**

2  **TO EACH PARTY AND ITS ATTORNEY OF RECORD:**

3          **YOU ARE HEREBY NOTIFIED THAT** on March 14, 2008, at 9:00 a.m., or as soon

4  thereafter as the matter may be heard, in Courtroom 2, 17th Floor of this Court, located at 450

5  Golden Gate Avenue, San Francisco, California, Petitioners American President Lines, Ltd. and

6  APL Co. Pte., Ltd. (collectively "APL") will and hereby do move this Court pursuant to 9 United

7  States Code section 9, for an order confirming the arbitration award in favor of APL and against

8  Respondent J.M.C. Transport Corporation ("J.M.C.").  This motion is based on this Notice; the

9  following Memorandum of Points and Authorities; the accompanying Declaration of Mark K. de

10  Langis; the previously filed Petition for Order Confirming Award of Arbitrator and exhibits

11  thereto; and all argument, oral testimony, and other information introduced at the hearing on this

12  motion.

13

14  **II.    RELIEF SOUGHT**

15          By this motion, APL requests that the Court enter an order confirming the arbitrator's

16  Award, in the arbitration between APL and J.M.C. (A true and correct copy the arbitrator's

17  Award is attached to APL's Petition for Order Confirming Award of Arbitrator as Exhibit C;

18  filed with the Court on November 30, 2007.)  After proper submittal of proof, the arbitration

19  award was executed and served on all parties by the duly appointed arbitrator, Matthew J. Geyer,

20  Esq., on October 16, 2007.  J.M.C. has yet to pay any portion of the award.  Accordingly, APL

21  seeks an order confirming the arbitration award and also requests that a judgment be entered in

22  conformity with the terms of the arbitration award.

23

24  / / /

25

26  / / /

1    **III.    POINTS AND AUTHORITIES**

2        **A.    Background**

3        In October of 2003, a service contract[1] was entered into between APL and J.M.C.  (*See*

4    Service Contract Number WB03/0329 ("Service Contract"), attached as Exhibit A to APL's

5    Petition for Order Confirming Award of Arbitrator ("Petition"), filed on November 30, 2007.)

6    J.M.C. desired to ship cargo in international commerce from the United States to Taiwan.  (*See*

7    Service Contract, Appendix B, ¶¶ 1-3, attached as Ex. A to Petition.)  As might be expected,

8    J.M.C. bargained for favorable ocean freight rates for its shipments.

9        In return for providing favorable ocean freight rates on J.M.C.'s shipments, APL

10   demanded a "Minimum Volume Commitment" from J.M.C., so that APL could make up in

11   volume what it gave away in rates on any particular shipment.  To this end, J.M.C. agreed to ship

12   a minimum volume of 25 FEUs over the life of the contract, from October 31, 2003 through

13   October 30, 2004.  (*See* Service Contract, App. C, ¶¶ 4 and 8, attached as Ex. A to Petition.)

14       As is common practice in the industry, and in particular, as is common practice by APL,

15   a liquidated damages clause (dead freight) was included in the Service Contract to provide APL

16   with protection, in the event that J.M.C. failed to ship the required number of FEUs.  (*See*

17   Service Contract, p. 3 of 8, § 3(b), attached as Ex. A to Petition.)  In the Service Contract, J.M.C.

18   agreed to pay $350 for each FEU "by which the Minimum Volume Commitment exceeds the

19   volume actually tendered." (Service Contract, p. 3 of 8, § 3(b).)

20

21   _____

22   [1] "'[S]ervice contract' means a written contract, other than a bill of lading or a receipt, between one or
     more shippers and an individual ocean common carrier or an agreement between or among ocean

23   common carriers in which the shipper or shippers makes a commitment to provide a certain volume or
     portion of cargo over a fixed time period, and the ocean common carrier or the agreement commits to a

24   certain rate or rate schedule and a defined service level, such as assured space, transit time, port rotation,
     or similar service features.  The contract may also specify provisions in the event of nonperformance on

25   the part of any party."  46 U.S.C. app. 1702(19).

26

1    Over the course of the contract's term, J.M.C. failed to ship any FEUS, and thus did not

2    ship the 25 FEUs as required under the Service Contract.  (*See* Invoice Number COGMD3K526,

3    dated March 2, 2005, attached as Ex. B to Petition.)  Accordingly, J.M.C. became obligated to

4    pay dead freight charges on 25 FEUs ($8,750), as per the Service Contract.  (*See id.*)  J.M.C. has

5    paid nothing towards the dead freight owed.

6

7    **B.    THE ARBITRATION**

8    APL and J.M.C. agreed in the Service Contract, at section 4, to resolve any dispute

9    arising under the contract by submitting the dispute to arbitration in San Francisco, California,

10   before an arbitrator of the American Arbitration Association.  In addition, APL and J.M.C.

11   agreed that the decision of the arbitrator "shall be final, binding and not subject to further

12   review."  (*See* Service Contract, at p. 4 of 8, § 4(a), attached as Ex. A to Petition.)

13   Pursuant to the arbitration agreement, as detailed in section 4 of the above-described

14   Service Contract, APL initiated arbitration proceedings with the American Arbitration

15   Association ("AAA").  Following due notice to APL and J.M.C., including preliminary hearings

16   by telephone, an arbitration was duly conducted (via documents) by the AAA appointed

17   arbitrator, Matthew J. Geyer, Esq., on or about October 12, 2007.  On October 16, 2007, the

18   arbitrator, Matthew J. Geyer, Esq., awarded APL the principal amount of $8,750, attorneys' fees

19   of $2,160, and costs of $1,700, for a total award of **$12,610.**  (*See* arbitrator's Award, dated

20   October 16, 2007, attached as Ex. C to Petition.)

21   Section 4 of the above-described contract further provides that the decision of the

22   arbitrator may be enforced by any court, tribunal, or other forum as may properly assert

23   jurisdiction, and that the parties expressly consent and agree that the United States District Court

24   for the Northern District of California shall have personal jurisdiction over the parties to the

25   contract.  (*See* Service Contract, at p. 4 of 8, § 4(b), attached as Ex. A to Petition.)

26

1    J.M.C. has failed to voluntarily satisfy the arbitration award in the time since it was

2    made. A judgment on the arbitration award is needed to permit APL to enforce it. A

3    confirmation order and a conforming judgment are, therefore, authorized by the terms of the

4    arbitration agreement, section 9 of the Federal Arbitration Act, and the award itself.

5

6    **IV.    CONCLUSION**

7    J.M.C. received what it bargained for – favorable ocean freight rates for its shipments

8    aboard APL vessels. J.M.C. did not, however, live up to its promises. J.M.C. failed to ship the

9    required number of FEUs under the Service Contract, even though it had one year to do so. The

10   matter was submitted to arbitration as per the contract between the principals and the arbitrator

11   decided the matter in APL's favor.

12   J.M.C. owes APL the dead freight charges accrued as per the Service Contract between

13   the parties. Furthermore, J.M.C. forced APL to incur the expense of arbitration, including

14   attorneys' fees, to enforce the dead freight clause. The arbitrator awarded APL the dead freight

15   charges, attorneys' fees, and the costs of conducting the arbitration.

16   Accordingly, APL respectfully requests that the Court confirm the arbitrator's Award and

17   enter judgment in APL's favor for $12,610.

18

19   DATED:  February 5, 2008

20

21                                    By: _____

22                                              Mark K. de Langis
                                             Attorney for Petitioner
23                                    AMERICAN PRESIDENT LINES, LTD and
                                              APL CO. Pte., LTD.

24

25

26

NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD

1                                          PROOF OF SERVICE

2              I am over 18 years of age, not a party to this action and employed in San Rafael,

3    California at 2110 Elderberry Lane, San Rafael, California 94903. I am readily familiar with the

4    practice of this office for collection and processing of correspondence for mailing with the

5    United States Postal Service and correspondence is deposited with the United States Postal

6    Service that same day in the ordinary course of business.

7              Today I served the attached:

8              **NOTICE OF MOTION AND MOTION TO CONFIRM**
                **ARBITRATION AWARD; MEMORANDUM OF POINTS**
9              **AND AUTHORITIES**

10             **DECLARATION OF MARK K. de LANGIS IN SUPPORT**
                **OF MOTION TO CONFIRM ARBITRATION AWARD**
11
               **[PROPOSED] ORDER CONFIRMING AWARD OF**
12             **ARBITRATOR**

13             **[PROPOSED] JUDGMENT**

14
     by causing true and correct copies of the above to be placed in the United States Mail at San
15
     Rafael, California in a sealed envelope(s) with postage prepaid, addressed as follows:
16

17   Matthew Ma
     President and Agent for Service of Process
18   J.M.C. Transport Corporation
     1944 E. Vista Bella Way
19   Rancho Dominguez, CA 90220

20
               I declare under penalty of perjury under the laws of the United States of America
21
     that the foregoing is true and correct and that this declaration was executed on February 5, 2008.
22

23                                         Μι κ 92

24
                                           Mark K. de Langis
25

26

6