LUCAS VALLEY LAW
MARK K. de LANGIS (SBN 190083)
2110 Elderberry Lane
San Rafael, California 94903
Telephone: (415) 472-3892
Facsimile: (415) 472-3977
mdelangis@lucasvalleylaw.com

Attorneys for Petitioners
AMERICAN PRESIDENT LINES, LTD. and
APL CO. Pte., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Arbitration between<br><br>AMERICAN PRESIDENT LINES, LTD., a corporation, and APL CO. Pte., LTD., a corporation,<br><br>Petitioners,<br><br>v.<br><br>J.M.C. TRANSPORT CORPORATION, a corporation,<br><br>Respondent. | No. C 07-06048 JSW<br><br>[PROPOSED] ORDER CONFIRMING AWARD OF ARBITRATOR<br><br>[9 U.S.C. section 9] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In the Matter of the Arbitration between

AMERICAN PRESIDENT LINES, LTD., a corporation and APL CO. Pte., LTD., a corporation,

Petitioners,

v.

J.M.C. TRANSPORT CORPORATION, a corporation,

Respondent.

No. C 07-06048 JSW

ORDER CONFIRMING AWARD OF ARBITRATOR

[9 U.S.C. section 9]

Petitioners AMERICAN PRESIDENT LINES, LTD. and APL CO. Pte., LTD. bring this action and the present motion to confirm an arbitration award in their favor against respondent J.M.C. Transport Corporation ("J.M.C."). Respondent has not made a formal appearance in this action and has not filed an opposition to the motion to confirm currently before the Court. The Court conducted a hearing on Petitioners' motion to confirm the award on March 14, 2008; again Respondent did not make an appearance. After careful consideration of the papers filed by the Petitioners and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Petitioners' motion to confirm the arbitration award.

**BACKGROUND**

In October 2003, APL Co. Pte., Ltd., in its individual capacity and as an agent for American President Lines, Ltd., entered into a written maritime contract with J.M.C. The contract provided for Petitioners to ship Respondent's cargo by sea from the United States to Taiwan. The contract further memorialized the parties' agreement that any "dispute arising out of or in connection with this Contract" shall be submitted to arbitration in San Francisco, California, before an arbitrator of the American Arbitration Association ("AAA"). (Petition to Confirm, Exh. A at Section 4.) The arbitration provision stated that the decision of the arbitrator "shall be final, binding and not subject to further review." (*Id.*) Finally, the provision provided for enforcement of any arbitration decision "by any court, tribunal, or other forum as may properly assert jurisdiction" and the parties expressly agreed "that the United States District Court for the Northern District of California has personal jurisdiction." (*Id.*)

On March 2, 2005, APL invoiced J.M.C. the sum of $8,750, which was then and still is due under the terms of the October 2003 contract. APL initiated arbitration proceedings to collect the outstanding monies owed, and in October 2007, the matter was submitted to AAA panelist Matthew J. Geyer, Esq. J.M.C. did not submit any documents for the arbitrator's consideration. On October 16, 2007, Mr. Geyer awarded APL the principal amount due of $8,750, attorneys' fees of $2,160 and costs of $1,700, for a total award of $12,610 (the

"Award"). (Petition to Confirm, Exh. C.)

Petitioners now move to confirm the Award under the Federal Arbitration Act ("FAA"), 9 U.S.C. section 9.

**DISCUSSION**

As a preliminary matter, the existence of this Court's jurisdiction is not in dispute. The United States Supreme Court has held that the FAA does not provide a separate basis for federal subject matter jurisdiction. Rather, there must exist other independent grounds for federal jurisdiction. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). Here, Petitioners invoke original federal question jurisdiction under 28 U.S.C. section 1333. Upon review of the underlying maritime contract, the Court agrees that federal admiralty and maritime jurisdiction exists.

The FAA, 9 U.S.C. section 9, provides that any party to an arbitration award may apply to the court for an order confirming the award if the parties have previously agreed to such action. Section 9 mandates that the court must grant the order confirming the award unless the award is vacated, modified, or corrected as directed by Sections 10 or 11 of the FAA.

As discussed above, the October 2003 Contract between the parties provides that any arbitration award may be enforced by any court, tribunal, or other forum as may properly assert jurisdiction. There is no dispute regarding this Court's jurisdiction. Respondent has not made an appearance in this matter, nor presented any argument that the Award should be vacated, modified, or corrected. Following careful review of the papers presented in support of Petitioners' motion and the underlying Award issued on October16, 2007, pursuant to the terms of the parties written contract, IT IS HEREBY ORDERED that the Award attached as Exh. C to the Petition for Order Confirming Award of Arbitrator is CONFIRMED.

/ / /

## CONCLUSION

For the foregoing reasons, Petitioners' Motion to Confirm Award of Arbitrator is GRANTED and the Award of $12,610 is confirmed. APL is also entitled to its $350 costs of suit herein. The Court will enter judgment in the amount of $12,960.

**IT IS SO ORDERED.**

DATED: _______________, 2008

By: ________________________________________

UNITED STATES DISTRICT JUDGE